United States v. Mouton
08-cr-363-07-07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 08-cr-363-07-07 |
| -vs- | JUDGE DRELL |
| CHAD LAWRENCE MOUTON (07) | MAGISTRATE JUDGE HILL |

## RULING AND ORDER

Before the Court is a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed *pro se* by defendant Chad Lawrence Mouton ("Mouton"). (Doc. 354). The government timely filed a response, (Doc. 356), and Mouton filed a reply, (Doc. 357), and a supplemental motion, (Doc. 358).

### I. BACKGROUND

Previously, we denied a similar motion for failure to exhaust administrative remedies and failure to demonstrate "extraordinary and compelling" circumstances. (Docs. 340 and 344). Mouton filed a second motion to reduce sentence after exhausting his administrative remedies. (Doc. 346). However, he still failed to demonstrate "extraordinary and compelling" circumstances. (Doc. 351). Shortly thereafter, Mouton filed a motion to reconsider, (Doc. 352), in light of the Fifth Circuit's intervening decision in United States v. Shkambi, 993 F.3d 388 (5th Cir. 2021). That motion was denied for failure to demonstrate "extraordinary and compelling" circumstances and an unfavorable balance of the § 3553(a) factors. (Doc. 353).

1

Mouton's instant motion and supplemental is a reassertion of what this court has already denied. His claims for sentence reduction generally fall into these categories: (1) obesity with a body mass index over 40, which increases the likelihood of severe illness from COVID-19 together with an allegation that United States Penitentiary Lee in Jonesville, Virginia ("USP Lee") where Mouton is housed does not have the means to implement social distancing protocols, (2) a term of imprisonment significantly greater than what Mouton's sentence could have been if changes in the law not retroactively available to him were in fact available, and (3) decreased risk of recidivism based upon among other things his placement at a minimum security camp, his responsibilities under community custody as trash truck driver, and rehabilitation classwork. The only new claim Mouton raises in the instant motion is that the warden of USP Lee is allegedly not applying current Department of Justice ("DOJ") directives.

## II.  LAW AND ANALYSIS

Whether the warden of USP Lee is applying current DOJ directives is immaterial to our review. The Bureau of Prisons ("BOP") has policy standards that bind it. See, e.g., U.S.S.G. § 1B1.13 cmt. n.4; Shkambi, 993 F.3d at 392. However, upon a motion to reduce sentence this Court is not bound by BOP policy but is bound by 18 U.S.C. §§ 3582(c)(1)(A)(i) and 3553(a). Shkambi, 993 F.3d at 393. Regarding his remaining claims, we reiterate our previous findings.

Severe obesity and the other ailments listed by the Centers for Disease Control and Prevention ("CDC") as increasing the likelihood of severe illness or death from

COVID-19 are common within the United States population making it also common within the inmate population. United States v. Thompson, 984 F.3d 431, 434 (5th Cir. 2021). Thus, a diagnosis of one or even several ailments comorbid with COVID-19 in conjunction with the threat of COVID-19 is not "extraordinary" because such circumstances are "common." See Thompson, 984 F.3d at 434 n. 8 (defining "extraordinary").

When Congress provides retroactive relief, it also determines the limits to that retroactive relief (i.e., cutoff dates, career offender status, etc.), and such relief if available is obtained by motion pursuant to 18 U.S.C. § 3582(c)(2). Therefore, a reduction pursuant to § 3582(c)(1)(A) based upon unavailable retroactive relief creates a separation of powers issue. Further, reduction based upon unavailable retroactive relief would create a sentencing disparity against the sentences imposed upon similarly situated defendants also not entitled to retroactive relief. 18 U.S.C. § 3553(a)(6). Last but not least, being barred by a limit to retroactive relief is not "extraordinary" because many defendants are similarly barred making the circumstances "common." See Thompson, 984 F.3d at 434 n. 8 (defining "extraordinary").

Finally and as we have previously found, the factors enumerated in 18 U.S.C. § 3553(a) do not support release. Mouton is currently incarcerated for conspiracy to possess with intent to distribute cocaine and methamphetamine after having been twice convicted of possession of marijuana with intent to distribute. Presentence Investigation report ¶¶ 52, 56-57; 18 U.S.C. § 3553(a)(1), (2), (3) and (4). Further, Mouton

has served a little over half his sentence, and a reduction resulting in the release sought would create a sentencing disparity among similarly situated defendants. 18 U.S.C. § 3553(a)(3), (4), and (6).

### III. CONCLUSION

For the reasons discussed above, Mouton's motion for a reduction in sentence, (Doc. 354), and its supplement, (Doc. 358), are **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 15 day of February, 2022.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT